**Michelle MORRIS, Plaintiff,**

v.

**RUSSELL, BURDSALL & WARD CORP., Defendant.**

**No. C82–3186.**

United States District Court,
N.D. Ohio, E.D.

Aug. 22, 1983.

Gregory M. Gilson, Painesville, Ohio, Thomas A. Downie, Cleveland, Ohio, for plaintiff.

T. Merritt Bumpass, Thompson, Hine & Flory, Cleveland, Ohio, for defendant.

## ORDER

DOWD, District Judge.

Before the Court is the defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, the defendant's motion is denied in part at this time.

The plaintiff in the present case was hired by the defendant, Russell, Burdsall and Ward Corporation (RB & W), as a secretary in the sales department on October 9, 1974. She was allegedly terminated for insubordination and overall poor work attitude on June 15, 1982.

The plaintiff filed suit in federal court alleging a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (ADEA) in addition to a pendant state law claim pursuant to 4101.17 of the Ohio Revised Code. At the time the present action was commenced, the plaintiff had not yet filed her ADEA charge with the Equal Employment Opportunity Commission (EEOC). However, on March 21, 1983, approximately 279 days after the discriminatory act took place and 124 days subsequent to commencement of this action, the plaintiff did file a charge with the EEOC alleging an ADEA violation on the part of the defendant RB & W.

The defendant in the present case asserts: 1) that this Court lacks jurisdiction because the EEOC filing was not accomplished prior to the commencement of this action, and 2) that plaintiff's EEOC filing on March 21, 1983 was untimely under 29 U.S.C. § 626(d), either of which necessitates dismissal of the present case. The plaintiff asserts that she filed a timely complaint with the EEOC and that the present action should not be dismissed because the EEOC filing was not accomplished prior to the commencement of this action. The Court agrees with the plaintiff's assertions and will discuss these arguments together as they are inter-related.

29 U.S.C. § 626(d) provides that:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the commission. Such charge shall be filed—(1) within 180 days after the alleged unlawful practice occurred; or (2) in a case to which § 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under state law, whichever is earlier.

§ 633(b) of Title 29 provides in pertinent part:

In the case of an alleged unlawful practice occurring in a state which has a law prohibiting discrimination in employment because of age and establishing or authorizing a state authority to grant or seek relief from such discriminatory practice, no suit may be brought under § 626 of this title before the expiration of 60 days after proceedings have been commenced under the state law, unless

such proceedings have been earlier terminated . . . .

In a state which has a § 633(b) deferral procedure, a charge must be filed with the EEOC within 300 days after the allegedly unlawful practice occurred. However, if a state has no deferral procedure, the charge must be filed within 180 days after the alleged discriminatory act occurred.

■ Thus a deferral state, pursuant to § 633(b), is one in which: (1) laws prohibit age discrimination and (2) there is an authorized state authority to grant or seek relief from such discriminatory practice.

Pursuant to Ohio Revised Code § 4112.-02, the Ohio Civil Rights Commission now enforces law prohibiting age discrimination in employment.[1]

According to § 4112.05 of the Ohio Revised Code, the Ohio Civil Rights Commission upon a finding of unlawful discriminatory practice has the "authority to order an employer to cease and desist from such unlawful discriminatory practice and to take such further affirmative or other action as will effectuate the purposes of §§ 4112.01 to 4112.08 of the Ohio Revised Code." Accordingly, this Court finds that Ohio is a deferral state and the 300 day filing limitation is applicable.

The defendant asserts that even if Ohio is normally considered a deferral state, the plaintiff is not entitled to the 300 day filing limit as she filed an action pursuant to 4101.17 of the Ohio Revised Code which bars her from filing an action with the Ohio Civil Rights Commission pursuant to 4112.-05 of the Ohio Revised Code.[2] The defendant then argues that since the plaintiff is barred from filing a charge with the Ohio Civil Rights Commission by § 4101.17 of the Ohio Revised Code, Ohio is no longer

---

1.  § 4112.02 of the Ohio Revised Code states in pertinent part:

It shall be an unlawful discriminatory practice: (A) For any employer, because of their race, color, religion, sex, national origin, handicap, *age,* or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment or any

matter directly or indirectly related to employment. Emphasis added.

2.  Section 4101.17(B) provides in pertinent part ". . . any person instituting a civil action under this section is, with respect to the practice complained of, thereby barred . . . from filing a charge with the Ohio Civil Rights Commission under Section 4112.05 of the Ohio Revised Code.

considered a deferral state and the 300 day period afforded under § 626(d) for the filing of plaintiff's EEOC charge is unavailable.

In *Merkel v. Scovill, Inc.,* 570 F.Supp. 133, 5 OBR 439 (S.D.Ohio 1983), the Court, addressing an issue similar to that in the present case, found that initiating an action pursuant to § 4101.17 of the Ohio Revised Code did not prohibit the plaintiff from attempting to pursue his federal remedies. The court held that although the plaintiffs had filed an action pursuant to § 4101.17 of the Ohio Revised Code before filing a complaint with the Ohio Civil Rights Commission pursuant to § 4112.05 of the Ohio Revised Code, the plaintiffs were not barred from asserting an action in Federal Court pursuant to the ADEA. The Court noted:

> For purposes of commencing a state proceeding under the ADEA, it is equally clear that *all* a plaintiff is required to do is present the state agency with a written and signed statement describing his claim of discrimination.

The commencement requirement of the ADEA appears at 29 U.S.C. § 633(b).

That section also provides:

> If *any* requirement for the commencement of such proceedings is imposed by state authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have commenced for purposes of this subsection at the time such a statement is sent by registered mail to the appropriate state authority. Emphasis added.

The Court further noted: "State law thus cannot deprive an aggrieved individual of his federal rights to protection. Congress did not intend to foreclose federal relief simply because state relief was also foreclosed." *See Oscar Mayer Co. v. Evans,* 441 U.S. 750, 753, 99 S.Ct. 2066, 2070, 60 L.Ed.2d 609 (1979).

In a similar vein, the courts have held that in deferral states, plaintiff has 300 days to file a charge of discrimination with the EEOC regardless of whether or not the charge has been filed within 180 days with the appropriate state agency. *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). In *Oscar Mayer Co., supra,* the Supreme Court held that in commencing an action under either § 14(b) of the ADEA or § 706(c) of Title VII, a timely filing under a state law is not necessary in order to properly file with the EEOC. Furthermore, the Sixth Circuit in *Jones v. Airco Carbide Chemical Co.,* 691 F.2d 1200 (6th Cir.1982), recently held that the plaintiff has 300 days to file a charge of discrimination with the EEOC regardless of whether or not he has filed a charge within 180 days with the appropriate state agency.

■ Thus, the Court finds that although the Ohio Civil Rights Commission will not review the plaintiff's complaint, all the plaintiff is required to do is file a charge with the Commission, as state law may not be used as a bar to prevent an individual from pursuing his federal cause of action. The Court further finds that the filing of an action pursuant to § 4101.17 of the Ohio Revised Code does not render Ohio a non-deferral state as failure to file timely with an appropriate state agency has been held not to transform a deferral state into a non-deferral State for purposes of § 633(b). As stated in *Oscar Mayer, supra* at 761, "Individuals should not be penalized if states decline for whatever reason, to take advantage of these opportunities."

■ Accordingly, as the plaintiff has filed her action with the EEOC within 279 days after the alleged discriminatory act occurred, the plaintiff's complaint was timely filed within 300 days of the alleged unlawful conduct pursuant to § 626(d)(2). Thus, the defendant's *motion for summary judgment* on the basis of plaintiff's failure to file a timely charge with the EEOC is denied.

■ The defendant next argues that even assuming Ohio is a deferral state and that the 300 day limit of § 626(d)(2) applies, summary judgment in favor of RB & W is still appropriate in that the plaintiff has failed to respond to a request for admission which was served upon plaintiff's counsel on March 18, 1983. The request for admission was phrased as follows:

1. That plaintiff has filed no charge with the Equal Employment Opportunity Commission alleging that RB & W has committed a violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*

In general, properly stated requests pursuant to Rule 36(a) of the Federal Rules of Civil Procedure are to be deemed admitted in the absence of a formal response by the opposing party and may be considered by a court addressing a motion for summary judgment. In the present case, however, an affidavit by plaintiff's counsel acknowledges that a charge was filed with the EEOC. Furthermore, both the plaintiff and the defendant have submitted a copy of the plaintiff's charge, filed with the EEOC on March 21, 1983, with their briefs. The Court finds that notwithstanding the defendant's unanswered request for admission, the plaintiff has filed a timely charge with the EEOC.

The purpose of requests for admissions is to facilitate the expeditious resolution of factual issues. In the present case, all parties are aware of the fact that the plaintiff filed a charge with the EEOC on March 21, 1983. In *DeLeon v. Ramirez*, 465 F.Supp. 698 (S.D.N.Y.1979), the court found that the defendant's request for admission would only be accepted as true to the extent that it was not contradicted by the plaintiff's affidavit submitted with his brief. The Court finds that withdrawal of the admission, in light of subsequent events, will subserve presentation of the merits of the action and that withdrawal of the admission will not result in prejudice to the defendant. Accordingly, the Court finds that the plaintiff has filed a timely charge with the EEOC in spite of the plaintiff's failure to answer a request for admission to the contrary.

■ Additionally, the defendant asserts that as the plaintiff instituted the present civil action before 60 days after filing a complaint with the EEOC, the federal court lacks jurisdiction over his action and should dismiss the case. Section 633(b). In *Oscar Mayer, supra,* the Court held that a plaintiff who had filed a federal action before commencing state proceedings might yet comply with the requirements of § 633(b) by simply filing a signed complaint with the state civil rights commission. Moreover, the Court held that the appropriate response by a federal court under such circumstances is not to dismiss the federal action, but rather to hold it in abeyance while the plaintiff files a state complaint, even though the state complaint appears to be clearly time barred. The Court further reasoned that the federal action could be resumed upon a dismissal of the state action or the passage of 60 days after its filing, whichever came first. *Id.* 441 U.S. at 764–65, 99 S.Ct. at 2075–76. As more than 60 days have now passed from the time the plaintiff filed his EEOC complaint, the Court shall retain the present lawsuit as the EEOC has had the opportunity to review the case.

Accordingly, in light of the foregoing, the defendant's motion for summary judgment on the procedural issues is denied.

On June 22, 1983, the Court granted leave to the plaintiff until July 5, 1983, to respond to the defense motion for summary judgment on all issues except the issue of just cause for termination. The Court held that in the event the Court overrules the defense motion for summary judgment on the jurisdictional issues, the Court will then extend discovery and permit the plaintiff to file a subsequent brief on the issue raised by defendant's motion for summary judgment on the issue of just cause for termination.

Accordingly, the Court grants an extension of the discovery deadline to September 12, 1983, and orders that the plaintiff respond to the defendant's motion for sum-

mary judgment on the issue of just cause for termination by September 19, 1983.

IT IS SO ORDERED.