Leonard ROPFOGEL, Special Administrator of the Estate of Lucille S. Bennett, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 88–1070–T.

United States District Court, D. Kansas.

Aug. 1, 1991.

James A. Walker, Thomas C. Triplett, Theron E. Fry, Calvin L. Wiebe, Triplett, Woolf & Garretson, Wichita, Kan., for Leonard Ropfogel, Special Administrator of the estate of Lucille S. Bennett, plaintiff.

Annette B. Gurney, U.S. Atty's Office, Wichita, Kan., Charles Hurley, Chas. Kennedy (on the brief), U.S. Dept. of Justice, Tax Div., Washington, D.C., for U.S.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the following motions filed by the defendant (hereinafter the government or the United States): (1) motion for leave to withdraw admissions (Doc. 66); (2) motion to compel (Doc. 68); and (3) motion to compel compli-ance with court order (Doc. 69). The government has also requested oral argument (Doc. 78). The court does not believe oral argument would be of assistance in deciding these motions and therefore denies the request.

This is an income tax refund case. The original plaintiff was Lucille S. Bennett (Mrs. Bennett), the widow of Henry C. Bennett (Mr. Bennett). Mrs. Bennett died during the pendency of this action. The Special Administrator of her estate, Leonard Ropfogel, has been substituted as plaintiff. The key question presented in the case is whether Mr. Bennett was an investor in securities or whether he was a trader (i.e., whether he was in the trade or business of buying and selling securities) within the meaning of various provisions of the Internal Revenue Code in effect during 1981 and 1982.

I. Motion for Leave to Withdraw Admissions (Doc. 66)

Discovery in this case closed in February 1989. In March 1989, the plaintiff served on the United States his first set of requests for admission. Plaintiff obtained leave of court to extend discovery for the limited purpose of serving the requests for admission. The United States did not respond to the requests within thirty days, causing the matters to be deemed admitted pursuant to Fed.R.Civ.P. 36(a). The United States formally admitted the requests in May 1989. The final pretrial order filed in August 1989 contains a stipulation that the requests for admission were in all respects admitted.

The requests for admission were as follows:

1. All of the exhibits or writings referenced herein (or duplicates thereof), including Broker Statements and Broker Confirmations, have either been furnished to defendant, or have been made available for examination or copying.

2. The duplicates of Broker Statements listed and described in numbered items 75 through 107 of the Appendix, and duplicates of related Broker Confirmations, are genuine, constitute business

records of the respective brokers, and duplicates of such are admissible in evidence for all purposes in this case without further foundation.

3. The transaction sequence summaries listed and described in items numbered 75 through 107 of the Appendix, which are summaries of the Broker Statements listed and described in items numbered 75 through 107 of the Appendix, accurately summarize the transactions in sequence order as shown on the associated Broker Statements and duplicates of such summaries are admissible in evidence for all purposes in this case without further foundation.

4. The duplicates of Exhibits 1 through 142 listed and described at numbered item 108 of the Appendix are genuine, constitute business records of plaintiff's deceased husband, Henry C. Bennett, and duplicates of such are admissible in evidence for all purposes in this case without further foundation.

5. The summaries at items numbered 1 through 7, 10 through 36, 39 through 73 of the Appendix, are compiled from the Broker Confirmations and Broker Statements referred to in Request for Admission No. 2 above and from the business records referred to in Request for Admission No. 4 above, and accurately show in summary format the information fully described in the Appendix narrative for each such summary item, and a duplicate of each summary item is admissible in evidence for all purposes in this case without further foundation.

6. A duplicate of each Exhibit listed in the Appendix at items numbered 8, 9, 37, 38, and 74 is admissible in evidence for all purposes in this case without further foundation.

Plaintiff's First Set of Request for Admissions to Defendant, Doc. 67, Exh. A. The referenced Appendix, attached to the requests for admission, consists of 89 single-spaced pages explaining in narrative form the various exhibits.

■■■ Rule 36(b), governing the effect of admissions, provides in pertinent part:

Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Fed.R.Civ.P. 36(b). As specified in the rule, the party moving to withdraw the admissions (here, the government) bears the burden of demonstrating that the presentation of the merits of this action will be subserved or facilitated by ordering the withdrawal of the admissions. The party who obtained the admission (here, the plaintiff) bears the burden of demonstrating to the court that withdrawal of the admissions will prejudice him in maintaining the action on the merits. Since the admissions are included in the final pretrial order, the decision whether to allow the withdrawal of the admissions is also subject to the provisions of Rule 16. Rule 16(e) provides that the final pretrial order shall be modified only to prevent manifest injustice. Fed.R.Civ.P. 16(e).

■■■ The decision whether to permit the withdrawal of admissions is a discretionary one. See Bergemann v. United States, 820 F.2d 1117, 1121 (10th Cir.1987) (abuse of discretion standard of appellate review). That discretion must be exercised within the parameters of the two part test contained in Rule 36(b). Farr Man & Co. v. M/V ROZITA, 903 F.2d 871, 876 (1st Cir.1990). While the rule establishes two prerequisites for permitting the withdrawal of an admission, it does not address disallowing withdrawal of an admission. The court is not required to allow withdrawal of an admission even if both the merits and prejudice issues cut in favor of the party seeking the withdrawal. Donovan v. Carls Drug Co., 703 F.2d 650, 652 (2d Cir.1983); Coca–Cola Bottling Co. v. Coca–Cola Co., 123 F.R.D. 97, 103 (D.Del.

1988); *Kleckner v. Glover Trucking Corp.*, 103 F.R.D. 553, 557 (M.D.Pa.1984). The court should be cautious in exercising its discretion to permit withdrawal or amendment of an admission. *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir.1985). Rule 36 contemplates that a party seeking to avoid at trial the force of admissions faces a higher burden than does a party seeking such relief prior to the entry of the pretrial order. *Brook Village North Associates v. General Electric Co.*, 686 F.2d 66, 73 (1st Cir.1982).

■ In considering whether the presentation of the merits will be facilitated by permitting an admission to be withdrawn, the court may look at whether the admission is contrary to the record of the case. *Coca–Cola Bottling Co.*, 123 F.R.D. at 103. The court may allow amendment or withdrawal of an admission when an admission is no longer true because of changed circumstances or when through an honest error a party has made an improvident admission. *Jones v. Employers Insurance of Wausau*, 96 F.R.D. 227, 229 (N.D.Ga.1982); *see Howard v. Sterchi*, 725 F.Supp. 1572, 1577 (N.D.Ga.1989) (withdrawal allowed when admissions made in haste and under certain faulty assumptions). The court must also look at whether the effect of upholding the admissions would be practically to eliminate any presentation of the merits. *Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D.Conn. 1976); *see Rabil v. Swafford*, 128 F.R.D. 1, 2 (D.D.C.1989); *St. Regis Paper Co. v. Upgrade Corp.*, 86 F.R.D. 355, 357 (W.D.Mich.1980).

■ The prejudice contemplated by Rule 36(b) is not that the party who obtained the admission will have to convince the jury of the truth of the matter. *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir.1987). "The prejudice contemplated by the rule 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (10th Cir.1983) (citing *Brook Village North Associates v. General Electric Co.*, 686 F.2d 66, 70 (1st Cir.1982)). Reliance on admissions in preparing for trial may show prejudice. Allowing the withdrawal of admissions on the eve of trial could unfairly disrupt trial preparations. *United States v. Golden Acres, Inc.*, 684 F.Supp. 96, 99 (D.Del.1988).

For the reasons discussed below, the motion to withdraw admissions shall be denied, with the exception of one portion of Admission No. 5. Withdrawal of the admissions will not subserve the presentation of the merits of this case and will result in prejudice to the plaintiff in maintaining this action. Further, the defendant has failed to show that manifest injustice will result if the admissions are not withdrawn and the pretrial order is not amended.

Withdrawal of the admissions will not subserve or facilitate the presentation of the merits of this case. The government has made no showing that the admissions are contrary to the record, that they are no longer true, or that they were made through error on the part of previous counsel. The government argues that the summaries may not be accurate. The government has pointed out what it sees as one potential error in the admissions. Request for Admission No. 5 stated that broker confirmations were used to prepare the summaries. According to the government, the plaintiff has recently taken the position that the broker confirmations were not used to prepare the summaries. In one of its responsive pleadings, the plaintiff has represented to the court that the broker confirmations were not used in preparation of the summary exhibits. To the extent that Request for Admission No. 5 is in error, the court will not bind the government to it. Admission No. 5 shall, however, remain in force without the reference to broker confirmations. Admission No. 2 (regarding the foundation for the broker confirmations) shall remain in effect.

■ Denial of the motion to withdraw the admissions will not result in a final judgment for the plaintiff without a trial on the merits. Upholding the admissions would not have the effect of eliminating

any presentation of the merits. Upholding the admissions would instead allow the focus of the trial to remain on the merits of the case instead of the foundation for the documents. The court noted in its summary judgment order that a number of factors may be relevant to the determination of whether Mr. Bennett was an investor or a trader. The sheer volume of transactions is not determinative. Plaintiff's exhibits focus primarily on the volume of transactions.

The admissions are primarily to foundation. Such admissions are not unusual and are often quite helpful to the presentation of the case at trial. Much trial time can be spent in laying a foundation for various document before counsel is able to ask the witness one or two questions relevant to the underlying litigation. Often, such testimony can be boring for a jury. Given the thousands of documents involved in this case, requiring the testimony of a foundation witness could unnecessarily lengthen the trial of this action.

The court finds that plaintiff would be prejudiced by the withdrawal of the admissions. When a party has relied upon admissions by concluding that documentary evidence or witnesses need not be presented as to those admitted matters, and when there is insufficient time before trial for that party to obtain the necessary evidence or witnesses, prejudice of the kind contemplated by Rule 36(b) is shown. Plaintiff has relied on the defendant's admissions. Discovery in this case has been closed since 1989. Plaintiff has not named a foundation witness to testify regarding the documents. If the admissions are withdrawn the plaintiff would be faced with the sudden need to obtain a foundation witness. The summaries the plaintiff intends to use at trial were apparently prepared by or under the supervision of one of plaintiff's attorneys. This attorney states in an affidavit that only he could testify as to foundation for these documents. If counsel were called as a foundation witness in this case, the entire law firm would likely be disqualified from representation of the plaintiff in this case. This would greatly delay the trial of this matter and would place additional burdens on the plaintiff which would not have occurred had the government timely denied the requests for admission. Trial, which is scheduled for September 9, 1991 and which has already been continued once on government motion, would be delayed further while plaintiff retains new counsel.

Manifest injustice will not result from a denial of the motion to withdraw admissions. The government admitted the following general matters relating to certain documents: genuineness, that they were business records, foundation, and accuracy. The government admitted that the exhibits were accurate summaries of the matters summarized. If plaintiff's summaries have omitted other relevant information, the court sees nothing in the admissions which would bar the government from bringing that fact out. The United States is not precluded by its admissions from presenting evidence regarding the securities which Mr. Bennett did not trade. According to the government, Mr. Bennett engaged in transactions involving approximately 20% of his holdings during 1981–1982. The court sees nothing in the admissions to preclude the government from presenting evidence that Mr. Bennett engaged in no transactions in the vast majority of his holdings during that time period. The government argues that the summaries exaggerate the level of Mr. Bennett's trading activities. The government's argument appears to go to the weight to be accorded the plaintiff's summaries. The court sees nothing in the admissions which would preclude the government from arguing that the jury should give little weight to the summaries.

The court is sympathetic with government counsel. The admissions were made by a previous Department of Justice attorney. However, differing litigation strategies of new counsel are not reason enough to allow the government to withdraw its admissions. The government's request would postpone trial indefinitely. This is the third oldest case on the court's docket. The time has come for the matter to be tried. The defendant's motion to withdraw admissions shall be denied.

## II. Motion to Compel (Doc. 68)

The government has filed a motion to compel plaintiff to produce copies of the computer disks used to produce the summaries of Mr. Bennett's securities transactions on which plaintiff's expert witnesses have based their opinions and which plaintiff intends to offer into evidence at the trial of this matter. While the government does not expressly state in its motion, the government seeks to reopen discovery.

The government previously moved on April 15, 1991 to continue trial and to reopen discovery. Following a status conference, the court granted the motion to continue and to reopen discovery by minute order. A dispute regarding the scope of reopened discovery then arose, resulting in the court's issuance of a memorandum and order on May 16, 1991. Doc. 64. In that order, the court granted the government ninety (90) days in which to take the depositions of any three brokers previously named as fact witnesses and in which to obtain copies of the original documents on file with the clerk. The court instructed counsel to confer on the issue of discoverability of the plaintiff's computer disks. If the parties were unable to agree, the court directed the government to file a motion to compel. This motion to compel followed.

 Whether to reopen discovery is a decision committed to the sound discretion of the trial court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir.1987). The following factors are relevant in determining whether discovery should be reopened: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the nonmoving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *Id.*

 In the present case, the factors weigh against reopening discovery. The current trial date is imminent. The government's original motion to reopen discovery was filed when an earlier trial date was imminent. The plaintiff opposes the request to reopen discovery. To the extent that the requested discovery would require the plaintiff to disclose work product along with the requested matters, the plaintiff would be prejudiced. An examination of the pleadings indicates that the government was not diligent in obtaining discovery within the time allowed by the court. In fact, the government concedes in one of its pleadings that it did not conduct all the discovery it should have done during the original discovery period. Doc. 69 (memorandum in support of motion to compel compliance with court order). Current government counsel cannot rewrite history. Had the request to reopen discovery come at an earlier stage in the case, the court would have been more inclined to grant it. The initial discovery period was in excess of one year. Given the large number of documents involved and the numerous securities transactions upon which the plaintiffs rely, if additional time for discovery was required, it should have been foreseeable to the government long before now. Discovery shall not be reopened for the purpose sought by the government. The motion to compel shall be denied.

## III. Motion to Compel Compliance with Court Order (Doc. 69)

The government has moved to compel the plaintiff to comply with the court's order of May 16, 1991. In that order the court allowed the government to review the original documents used to prepare plaintiff's summary exhibits. In the present motion, the government seeks to review the broker confirmation slips which, according to the requests for admission, were used to prepare the summaries. The government has alleged that plaintiff now denies that the confirmation slips were used in the preparation of the summary exhibits. The government concludes that the plaintiff cannot have it both ways.

The plaintiff has filed an opposition to the government's motion to compel. The plaintiff argues that all original source documents which were used in preparation of the summary exhibits are already on file with the clerk and are available for copy-

ing. Plaintiff states that the confirmation slips were not used in preparing the summaries. Rather, plaintiff asserts that the summary exhibits were developed to summarize the broker statements. Plaintiff does not address the fact that the requests for admission provide that the confirmation slips were used in preparation of the summary exhibits. Plaintiff states that he does not intend to use the broker confirmation slips at trial.

Both the court and the defendant assumed that the broker confirmation slips were used in preparation of the summary exhibits, since Admission No. 5 so provided. The court's intent in its prior order was to allow the government to obtain copies of broker confirmations, along with all other documents used to prepare the summary exhibits and any other documents the plaintiff intended to introduce at trial. The plaintiff is now taking the position that the broker confirmations were not used to prepare the summary exhibits. The court shall hold plaintiff to this position. As noted above, to the extent that request for Admission No. 5 is in error (and only to that extent), the court will not bind the government to it. Admission No. 5 shall, however, remain in force without the reference to broker confirmations. Admission No. 2 (regarding the foundation for the broker confirmations) shall remain in effect.

The broker confirmations are listed as plaintiff's exhibits in the final pretrial order, Doc. 53. The government argues that it could subpoena the plaintiff to produce the documents for use at trial. The court agrees with the government that such a procedure could be burdensome in the context of an ongoing trial, especially given the number of confirmation slips apparently involved (approximately 22,000). To avoid the delay that could arise from this course of action, the court will allow the government to have access to the broker confirmations now. Plaintiff shall make the broker confirmations available for examination and copying at government expense, at a time and place mutually agreeable to the parties and as far in advance of trial as possible. The court does not wish to continue the trial again. The court believes that there is sufficient time prior to trial for the government to examine and copy these documents provided the parties cooperate with one another. The court will grant the motion to compel and allow the government access to the broker confirmation slips. The government will be allowed to use them at trial. Foundation has already been admitted by the government. The court intends to allow the government to use the broker confirmations for any purpose not inconsistent with the admissions.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for leave to withdraw admissions (Doc. 66) is hereby denied, with one exception as noted in this opinion regarding Admission No. 5.

IT IS FURTHER ORDERED that defendant's motion to compel (Doc. 68) is hereby denied.

IT IS FURTHER ORDERED that defendant's motion to compel compliance with court order (Doc. 69) is hereby granted. The plaintiff is instructed to make the broker confirmation slips available to the defendant for examination and copying at defendant's expense.

IT IS FURTHER ORDERED that defendant's request for oral argument (Doc. 78) is hereby denied.