**FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee,**

v.

**Richard PRUSIA, Appellant.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant,**

v.

**Richard PRUSIA, Appellee.**

Nos. 93–2385, 93–2534.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1994.

Decided March 15, 1994.

Counsel who presented argument on behalf of the appellant was Michael Smith, Gordon, NE.

Counsel who presented argument on behalf of the appellee was Kathryn Norcross, Washington, D.C.

Before BOWMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

The Federal Deposit Insurance Corporation (the "FDIC") filed an action against Richard Prusia to collect amounts due on promissory notes that the FDIC had acquired from an insolvent bank. Prusia appeals from the district court's order granting the FDIC's summary judgment motion and from the judgment that was entered pursuant to that order. The FDIC cross appeals from the district court's denial of its motion to amend its responses to Prusia's request for admissions. Finding that the district court abused its discretion by denying the

FDIC's motion to amend its admissions, we vacate the order granting summary judgment and the judgment entered thereon, reverse the denial of the motion to amend the FDIC's admissions, and remand for further proceedings.

## I.

Richard Prusia borrowed money from the Gering National Bank and Trust Company (the "Bank") and signed four promissory notes evidencing the loans. In July 1986, the Deputy Comptroller of the Currency declared the Bank insolvent and appointed the FDIC as receiver. *See* 12 U.S.C. §§ 191 and 1821(c). The FDIC, in its corporate capacity, as authorized by 12 U.S.C. § 1823(c)(2)(A), purchased certain assets of the Bank, including the four promissory notes that Prusia had issued to the Bank. When the FDIC acquired the promissory notes, they were in default. Thus, on July 28, 1992, the FDIC filed a suit against Prusia seeking to recover the amounts due on the defaulted notes.

Prusia did not dispute his liability on the defaulted notes; in response to the FDIC's request for admissions, he admitted to all of the essential allegations in the complaint. Rather, he relied on a statute-of-limitations defense. In this contract action brought by the FDIC acting as a receiver, the statute of limitations is "the 6-year period beginning on the date the claim accrues." 12 U.S.C. § 1821(d)(14)(A)(i)(I). The six-year period begins to run on the "later of (i) the date of the appointment of the [FDIC] as conservator or receiver; or (ii) the date on which the cause of action accrues." *Id.* § 1821(d)(14)(B). The FDIC, in response to Prusia's request for admissions, stated that it had been appointed receiver of the Bank on July 28, 1986, six years before the FDIC filed its claim against Prusia. After obtaining the admission, Prusia filed a summary judgment motion, alleging that the FDIC's action was barred by the statute of limitations. The FDIC, however, contended that its admission was mistaken and moved to

amend its responses to Prusia's request to correctly state that it had been appointed receiver on July 31, 1986, less than six years prior to the date on which the FDIC filed its claim against Prusia. The district court denied the FDIC's motion to amend its responses. Thus, the court had to determine whether an action filed on the six-year anniversary of the date on which the FDIC was appointed receiver was timely.

The district court, applying Federal Rule of Civil Procedure 6(a),[1] did not include the day on which the statute began to run in calculating the time within which the FDIC's action had to be filed. The district court, therefore, concluded that the six-year anniversary of the date on which the FDIC was appointed receiver was the last day on which the FDIC's claim could be filed. Because the FDIC's claim, according to the district court's calculations, was timely, the court denied Prusia's summary judgment motion. Subsequently, the district court granted the FDIC's summary judgment motion, and Prusia now appeals from that order. The FDIC cross appeals from the district court's order denying its motion to amend its responses to Prusia's request for admissions.

## II.

Prusia argues that the district court's interpretation of section 1821(d)(14) is contrary to the plain language of the statute. The section provides, Prusia contends, that the six-year limitation period begins to run on the "the date of the appointment of the [FDIC] as ... receiver" rather than the day after the date that the FDIC was appointed receiver. According to Prusia's calculation, the statute of limitations began to run on July 28, 1986 and expired on July 27, 1992. The FDIC's claim filed on July 28, 1992, therefore, was not timely.

If, as the FDIC contends, it was not appointed receiver until July 31, 1986, then the FDIC's claim filed on July 28, 1992, was timely under both the district court's and Prusia's construction of section 1821(d)(14).

---

1. Federal Rule of Civil Procedure 6(a) states, "In computing any period of time ... the day of the act, event, or default from which the designated period of time begins to run shall not be included."

Thus, we will first consider the FDIC's cross appeal: whether the district court erred by denying the FDIC's motion to amend its admissions to state July 31, 1986, as the date of its appointment as receiver.

■ We review the district court's order denying the FDIC's motion to amend its admissions under the abuse-of-discretion standard. *American Auto. Ass'n v. AAA Legal Clinic,* 930 F.2d 1117, 1119 (5th Cir. 1991). Federal Rule of Civil Procedure 36(b) provides

> [T]he court may permit withdrawal or amendment [of an admission] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

■ The two-prong test of Rule 36(b) directs the court to consider the "effect upon the litigation and prejudice to the resisting party[,]" *Mid Valley Bank v. North Valley Bank,* 764 F.Supp. 1377, 1391 (E.D.Cal.1991), rather than focusing on the moving party's excuses for an erroneous admission. *See* 10A *Federal Procedure* L.Ed. § 26.500 (1988) ("FRCP 36(b) does not require the moving party to prove excusable neglect."). Accordingly, we reject Prusia's argument that the FDIC should not have been permitted to amend its admissions because it did not offer an explanation or excuse for its mistake.

■ The first prong of the test requires us to consider whether permitting the amendment would have subserved the presentation of the merits of the FDIC's action. If a claim filed on the anniversary date of the FDIC's appointment as receiver is not timely, then relying on the FDIC's admission that it was appointed receiver on July 28, 1986, would deny the FDIC the opportunity to have the merits of its claim considered. Because allowing the erroneous admission to stand might have barred the FDIC's claim, permitting the amendment would have subserved the presentation of the merits. *See*

*Davis v. Noufal,* 142 F.R.D. 258, 259 (D.D.C. 1992) (amendment of admission serves presentation of merits if allowing inaccurate admission to stand would completely preclude consideration of merits); *Rabil v. Swafford,* 128 F.R.D. 1, 2 (D.D.C.1989) (same).

■ We turn now to the second prong of the test. The prejudice contemplated by Rule 36(b) " 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1314 (8th Cir.1983) (quoting *Brook Village N. Assocs. v. General Elec. Co.,* 686 F.2d 66, 70 (1st Cir.1982)). The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient. *Davis,* 142 F.R.D. at 259; *Ropfogel v. United States,* 138 F.R.D. 579, 583 (D.Kan. 1991). Likewise, preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.[2] *Davis,* 142 F.R.D. at 259; *Rabil,* 128 F.R.D. at 3. Prusia, as the party who obtained the mistaken admission, has the burden of proving that an amendment would prejudice him. *See* Fed.R.Civ.Pro. 36(b); *Ropfogel,* 138 F.R.D. at 582. After examining the record, we find that Prusia has made no showing that he would have been prejudiced by the admission. The FDIC moved to amend its admissions prior to the district court's hearing on Prusia's summary judgment motion and well in advance of the pretrial conference. Although Prusia may have difficulty finding evidence to establish that the FDIC was appointed receiver on July 28, 1986, this difficulty derives from the inaccuracy of the admissions rather than the stage of the proceedings at which the FDIC sought to amend its admissions.

Finally, we consider Prusia's argument that the FDIC should not have been permitted to amend its admissions because they were not contrary to the record. According to the magistrate's order denying the FDIC's motion, which the district court affirmed, the FDIC had also identified in its complaint, in

---

2. We leave it to the district court on remand to determine whether awarding costs to the relying party is appropriate in this case. *See, e.g., Mid* *Valley Bank,* 764 F.Supp. at 1391; *Howard v. Sterchi,* 725 F.Supp. 1572, 1577 (N.D.Ga.1989), *aff'd,* 12 F.3d 218 (11th Cir.1993).

its request for admissions, and in its responses to Prusia's interrogatories July 28, 1986, as the date that the Bank had been declared insolvent, closed, and the FDIC appointed receiver. The FDIC's complaint and request for admissions, however, stated that these events had occurred "on or about July 28, 1986." Moreover, on November 20, 1992, prior to the time that Prusia served his request for admissions upon the FDIC, the FDIC responded to Prusia's interrogatories by stating that the FDIC was appointed receiver on July 31, 1986. The FDIC, in support of its motion to amend its admissions, submitted to the district court an official document from the Office of the Comptroller of the Currency. In the document, which was dated July 31, 1986, the Deputy Comptroller of the Currency appointed the FDIC as receiver of the Bank.

 Permitting the amendment of responses to a request for admissions is in the interests of justice if the record demonstrates that the "admitted" facts are contrary to the actual facts. *Ropfogel,* 138 F.R.D. at 583; *Morris v. Russell, Burdsall & Ward Corp.,* 577 F.Supp. 147, 151 (N.D.Ohio 1983). By denying the FDIC's motion to amend, the district court permitted Prusia to attempt to evade his undisputed liability on four promissory notes solely by relying on a factual inaccuracy. *Farr Man & Co. v. M/V Rozita,* 903 F.2d 871, 877 (1st Cir.1990) (allowing an erroneous admission to stand is manifestly unjust if it permits the requesting party to collect a double recovery). Accordingly, we find that the district court abused its discretion by denying the FDIC's motion to amend its mistaken admissions.

The relevance of Prusia's argument that a claim filed on the six-year anniversary of the date on which the FDIC was appointed receiver is not timely depends on the FDIC's mistaken admission that it was appointed receiver on July 28, 1986. Having decided that the district court should have permitted the FDIC to amend its admissions to state July 31, 1986, as the date on which the FDIC was appointed receiver, we need not decide whether the district court properly interpreted section 1821(d)(14).

Accordingly, we vacate the order granting summary judgment and the judgment entered thereon, reverse the district court's order denying the FDIC's motion to amend its responses to Prusia's request for admissions, and remand for further proceedings in light of the FDIC's amended admissions.