[No. 17872-2-III.   Division Three.   August 3, 1999.]

ANTONIO J. SANTOS, ET AL., *Respondents*, v. DIANE P. DEAN, *Appellant*.

*Michael T. Schein,* for appellant.

*Douglas L. Federspiel* of *Velikanje, Moore & Shore*, for respondents.

BROWN, J. — Antonio Santos, as tenant, signed a lease with an option to purchase a home with Diane P. Dean now Boone. The trial court granted summary judgment to Mr. Santos after deciding (1) no material facts remained bearing on the issue of notice of exercise of the option and (2) the notice was effective when sent, rather than when received. We disagree, and in doing so decide an issue of first impression. Additionally, we decide the trial judge should be left with the discretion to decide disqualification on remand. Finally, we decide a different trial judge correctly decided and applied the legal standard for considering a request for extension of time to submit answers to admissions. In doing so, we clarify the standard for deciding prejudice. Accordingly, we reverse in part, affirm in part, and remand for further proceedings.

## FACTS

In September 1990, Ms. Boone and Mr. Santos signed a five-year lease/option for a residence in Wapato, Washington. Under the purchase option, Mr. Santos paid $20,000 down on a total purchase price of $36,000. Mr. Santos generally sent his monthly rent payments to Ms. Boone by certified mail with return receipt requested.

The notice provision in the lease agreement provided:

> If the Lessee elects to purchase the said property, Lessee shall notify Lessor, in writing, on or before the ___ day of September, 1995, by certified mail, return receipt requested, or personal delivery at [a specified address].

According to Mr. Santos, he mailed a certified letter signed by him, dated October 28, 1994, addressed to Ms. Boone saying:

> Diane
>
> By the time you get this letter I will have a Loan to pay you off for the House. At this time the pay off is 11,547.90. I will call you when I get it.

Mr. Santos produced a certified mail return receipt signed by Malinda Boone, Ms. Boone's adult daughter, dated "11/2/94." Mr. Santos claims he spoke by telephone twice with Ms. Boone in October and November 1994, telling Ms. Boone he had secured a loan to pay off the balance on the property. Mr. Santos says he did not close the loan for the property because Ms. Boone told him she did not have title to the property.

Affidavits and other documents submitted by Ms. Boone contradict Mr. Santos's version of the facts. She denied receiving Mr. Santos's letter. According to Ms. Boone, Mr. Santos twice told her he was attempting to get a loan for the property, once in about September 1991 and once in October or November 1994. She had no further communication with him other than continued payments until June 1996, after the option contract had expired when she contacted him about late payments.

Ms. Boone stated it was not possible for Malinda to have signed the letter because Malinda had married in 1993, becoming Malinda Taylor, moved with her husband to Spokane, and was not at Ms. Boone's home in 1994. Malinda Taylor also denied signing for the letter, asserted she was not at Ms. Boone's house during October 1994, and opined she could not have signed the return receipt. Generally, Ms. Boone asserts the letter and return receipt are not

as represented by Mr. Santos. Ms. Boone suggests that even if her daughter's signature is genuine, it was given at an earlier time when her daughter was single and receipted for one of Mr. Santos's payments.

Mr. Santos filed an action for damages and specific performance of the option contract. Mr. Santos served Ms. Dean requests for admissions on June 12, 1998. The responses were due July 13 under CR 36(a) but were not served until July 20. On July 20, Mr. Santos moved for summary judgment. On July 22, Ms. Boone filed a motion for extension of time to submit the answers. Judge Lara granted the motion.

Judge Schwab granted summary judgment to Mr. Santos. The court found no material fact issues remained bearing on notice, then ruled that the letter was an exercise of the option effective when mailed, not when received. The court reasoned the receipt fact issues were therefore irrelevant but, nevertheless, the facts seemed to establish receipt. Judge Schwab commented: "And I accept the plaintiff's contract, it makes sense to me, it seems to be just."

Asking for reconsideration, Ms. Boone's counsel reargued the notice issue, then argued that the equitable nature of specific performance should prevent summary judgment. Reconsideration was denied. The court entered judgment for specific performance and attorney fees in an amount less than requested by Mr. Santos. Judge Schwab concluded the reconsideration proceeding by commenting: "Miss Boone, I know you don't agree with my rulings but I hope you understand them at least and that I made them out of some reasoning. I wish you well." Ms. Boone appealed. Mr. Santos cross-appealed.

## ANALYSIS

### A. Notice

The issue is whether the trial court erred when granting summary judgment to Mr. Santos by (1) concluding no material facts remained bearing on the legal question of no-

tice and (2) deciding Mr. Santos's letter served to give notice and was effective when mailed rather than when received.

■ When reviewing an order granting summary judgment, this court engages in the same inquiry as the trial court. *Mountain Park Homeowners Ass'n v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994). Summary judgment is appropriate when the pleadings, depositions, admissions, and affidavits, if any, show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. CR 56(c). "The facts and all reasonable inferences are considered in the light most favorable to the nonmoving party, and all questions of law are reviewed de novo." *Hollis v. Garwall, Inc.*, 137 Wn.2d 683, 690, 974 P.2d 836 (1999).

■ ■ The goal of contractual interpretation is to determine and effectuate the parties' mutual intent. *See Hall v. Custom Craft Fixtures, Inc.*, 87 Wn. App. 1, 7, 937 P.2d 1143 (1997). Our courts follow the objective theory of contracts, which requires "that we impute to a person an intention corresponding to the reasonable meaning of his words and acts. Petitioner's unexpressed impressions are meaningless when attempting to ascertain the mutual intentions of the parties." *Id.* at 9 (quoting *Lynott v. National Union Fire Ins. Co.*, 123 Wn.2d 678, 684, 871 P.2d 146 (1994)). "[M]utual intent may be established directly or by inference—but any inference must be based exclusively on the parties' objective manifestations." *Hall*, 87 Wn. App. at 9.

■ The trial court ruled that Ms. Boone did not have to actually receive notice for a valid exercise of the option: "I do not find that the law requires there to be a receipt." Ms. Boone contends this ruling was error because an exercise of an option contract is effective when received.

"Unless the offer provides otherwise . . . an acceptance under an option contract is not operative until received by the offeror." RESTATEMENT (SECOND) CONTRACTS § 63(b). A leading authority on contract law similarly states:

If in an option contract the duty of the promisor is conditional on "notice within 30 days," does this mean notice received or notice properly mailed? It is believed that, *in the absence of an expression of contrary intention*, it should be held that *the notice must be received.* . . . The rule that an acceptance by post is operative on mailing was itself subjected to severe criticism; and, even though it may now be regarded as settled, it should not be extended to notice of acceptance in already binding option contracts.

3 ERIC MILLS HOLMES, CORBIN ON CONTRACTS § 11.8, at 526 (Joseph M. Perillo ed., rev. ed. 1996) (emphasis added). One court has explained the policy underlying this rule as follows:

Under an option contract then, the option holder has a firm and dependable basis for decision. His power of acceptance is absolute for the time agreed upon in the option contract. The option holder has no interests needing protection. He can act promptly and with confidence in reliance on the contract. There is thus no reason to extend the rule that acceptance is operative upon mailing since the option contract device itself fulfills the same purpose. To impose such a rule, *where the parties have not expressly provided*, would alter the agreement by binding the option giver longer than originally agreed and would inflict upon the option giver the risk of delay avoided by entering into the option contract.

*Romain v. A. Howard Wholesale Co.*, 506 N.E.2d 1124, 1128 (Ind. Ct. App. 1987) (citations omitted) (emphasis added). Other jurisdictions have similarly held that receipt of notice is necessary to exercise an option contract unless the parties agree to the contrary. *See Smith v. Hevro Realty Corp.*, 199 Conn. 300, 337, 507 A.2d 980 (1986) (recognizing general rule but finding that the parties agreed to the contrary); *Maloney v. Atlantique Condominium Complex, Inc.*, 399 So. 2d 1111, 1114 (Fla. Dist. Ct. App. 1981).

The lease required Mr. Santos to "notify" Ms. Boone by certified mail or by personal delivery. The lease did not state whether receipt of notice was required or whether notice was effective upon mailing. As the above cited authori-

ties state, in absence of an expression to the contrary, the presumption is that notice is effective upon receipt. Thus, the option contract required receipt of the letter by Ms. Boone; Mr. Santos's mailing of the letter was not sufficient. We recognize some jurisdictions hold otherwise. *See Palo Alto Town & Country Village, Inc. v. BBTC Co.*, 11 Cal. 3d 494, 499, 521 P.2d 1097, 113 Cal. Rptr. 705 (1974); *Givens v. Boutwell*, 701 S.W.2d 146, 147 (Ky. Ct. App. 1985); *Brown v. Swift-Eckrich, Inc.*, 787 S.W.2d 599, 600 (Tex. Ct. App. 1990). After considering the arguments, we hold the better rule is that notice of the exercise of an option under these circumstances is effective when received.

Mr. Santos claims he sent a letter exercising the purchase option to Ms. Boone. He offered a certified mail return receipt signed by Malinda Boone in support of this claim. Mr. Santos also stated in interrogatories that Ms. Boone confirmed his desire to exercise the lease option in a subsequent telephone conversation. According to Mr. Santos, he did not close the loan for the property because Ms. Boone told him she did not have the deed to the property.

We conclude material facts remain to be decided regarding whether Ms. Boone received Mr. Santos's letter. We note the trial court did not reach this question because it determined the factual dispute regarding receipt was irrelevant in light of its decision that notice was effective when sent. Here, Malinda Boone stated she did not sign for the letter. According to Ms. Boone, Mr. Santos never later contacted her regarding the purchase option by phone or by mail. She asserts but one telephone conversation took place in the relevant time frame. During the conversation, Mr. Santos merely told her he was attempting to get a loan. As pointed out, the disputed facts related to receipt are material to the outcome. *See Doe v. Department of Transp.*, 85 Wn. App. 143, 147, 931 P.2d 196 (a material fact is one upon which the outcome of the litigation depends), *review denied*, 132 Wn.2d 1012 (1997).

## B. Disqualification

Ms. Boone contends the trial judge should be dis-

qualified on remand because the record shows he was biased in favor of Mr. Santos. "The law goes farther than requiring an impartial judge; it also requires that the judge appear to be impartial." *State v. Post*, 118 Wn.2d 596, 618, 826 P.2d 172, 837 P.2d 599 (1992) (quoting *State v. Madry*, 8 Wn. App. 61, 70, 504 P.2d 1156 (1972)); *see In re Custody of R.*, 88 Wn. App. 746, 762-63, 947 P.2d 745 (1997) (justice must satisfy the appearance of impartiality). "Without evidence of actual or potential bias, an appearance of fairness claim cannot succeed and is without merit." *Post*, 118 Wn.2d at 619.

The trial court's decision to grant summary judgment turned on a legal issue previously undecided in this jurisdiction. As we have pointed out above, the authorities are divided. We have concluded differently than the trial court, but that does not establish evidence of actual or potential bias. The trial court correctly surmised the facts related to receipt would have been irrelevant, had we agreed with its legal analysis. At the reconsideration hearing, the trial court explained its comment about accepting the contract as a reference to adopting Mr. Santos's argument made at the summary judgment hearing. The arguments are not part of this record. Moreover, the trial court specifically explained its decision to Ms. Boone, clarifying its position toward her: "[Ms.] Boone, I know you don't agree with my rulings but I hope you understand them at least and that I made them out of some reasoning. I wish you well." Because this record does not disclose actual or potential bias, we leave the matter of disqualification to the trial judge.

## C. Admissions

On cross appeal, Mr. Santos's issue is whether the trial court erred when it granted Ms. Boone's motion for an extension of time to respond to his request for admissions.

This court reviews the trial court's decision for an abuse of discretion. *Cf. F.D.I.C. v. Prusia*, 18 F.3d 637, 640

(8th Cir. 1994) (reviewing trial court's denial of a motion to amend admissions under FED. R. CIV. P. 36(b)). CR 36(a) provides in part:

> **Request for Admission.** A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . . The matter is admitted unless, within 30 days after service of the request, *or within such shorter or longer time as the court may allow*, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney . . . .

(Emphasis added.)

A trial court may grant an extension of time even after the end of the 30-day period. "The court has power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired. Thus the court can, in its discretion, permit what would otherwise be an untimely answer." 8A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2257, at 541 (2d ed. 1994).

■ We agree with these authors that the better approach to deciding an abuse of discretion question under the circumstances is to apply the two part test under CR 36(b) rather than the excusable neglect test of CR 6(b)(2):

> Though some of the cases seem to turn on whether the failure to provide a timely answer was excusable neglect, a test generally appropriate under Rule 6(b)(2) for enlargement of time after the period has expired, it would seem that the test now stated in Rule 36(b) for withdrawal of admission is tailored more precisely to the purposes of Rule 36 generally, and that the admission that otherwise would result from a failure to make timely answer should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request.

*Id.* at 541-43. Under this test, the court answers two ques-

tions: (1) whether permitting the extension subserves the presentation of the merits of the case; and (2) whether the extension will prejudice the opposing party. *See Prusia*, 18 F.3d at 640 (reviewing a motion to amend admissions under Fed. R. Civ. P. 36(b)); *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) (motion to withdraw or amend admissions).

Mr. Santos does not dispute the test in CR 36(b) is proper. He contends, however, the trial court applied an incorrect standard for prejudice under this test when it granted Ms. Boone's motion.

■■ "Where a state rule parallels a federal rule, analysis of the federal rule may be looked to for guidance, though such analysis will be followed only if the reasoning is found to be persuasive." *Beal v. City of Seattle*, 134 Wn.2d 769, 777, 954 P.2d 237 (1998). The trial court relied on *Prusia*, 18 F.3d 637, in reaching its conclusion. In *Prusia*, the trial court denied a motion to amend admissions due to mistake. *Id.* at 639. The appellate court reversed the trial court on the basis of lack of prejudice. *Id.* at 641. The court reasoned:

> The prejudice contemplated by Rule 36(b) " 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient. Likewise, preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.

*Id.* at 640 (quoting *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983) (quoting *Brook Village N. Assocs. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982))) (citations omitted). Other courts have reached a similar conclusion. *See Hadley*, 45 F.3d at 1348-49; *Davis v. Noufal*, 142 F.R.D. 258, 259 (D.D.C. 1992); *Rabil v. Swafford*, 128 F.R.D. 1, 2-3 (D.D.C. 1989). As one of these courts concisely stated:

The prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence" with respect to the questions previously deemed admitted.

*Hadley*, 45 F.3d at 1348 (quoting *Brook Village*, 686 F.2d at 70).

Mr. Santos contends he suffered prejudice simply because he relied on Ms. Boone's admissions for his summary judgment, citing *Weva Oil Corp. v. Belco Petroleum Corp.*, 68 F.R.D. 663 (N.D.W.Va. 1975). We conclude such a standard too narrowly limits a trial court's discretion to confront the infinite fact situations presented during the discovery process and design appropriate remedies.

Significantly, the language of CR 36(a) is permissive: the trial court "may" allow a shorter or longer time for the response. Here, the *Prusia* standard of prejudice adopted by the trial court properly balances the interests of Mr. Santos and Ms. Boone, and reserves to the trial court a full range of discretion. The court's extension allows the merits of the case to be reached. Furthermore, as Judge Lara correctly concluded, Mr. Santos failed to show how the extension impaired his ability to argue the merits of the case:

Plaintiffs have not shown that their proof problems have changed significantly due to the seven day delay in filing the requests for admissions. It appears that plaintiffs had the same concerns before July 13. Plaintiffs have not demonstrated that they gave up discovery opportunities in reliance on defendant's failure to answer the requests for admissions in a timely manner.

The impracticality and unfairness of adopting the standard suggested by Mr. Santos is apparent. The practical effect of denying an extension for filing the admissions in these circumstances would be equivalent to the ultimate sanction of denying Ms. Boone a defense. The

admissions partly ask Ms. Boone to admit legal conclusions and major factual issues central to the dispute. The purpose of CR 36 is to eliminate from controversy matters that will *not* be disputed at trial. *Brust v. Newton*, 70 Wn. App. 286, 295, 852 P.2d 1092 (1993), *review denied*, 123 Wn.2d 1010 (1994). Moreover, a party is not required to admit legal conclusions under CR 36. *Id.* Finally, this is not a case where the extension was requested at trial or at the brink of trial. Ample time existed to undergo the normal rigors of trial preparation.

The trial court awarded attorney fees and costs to Mr. Santos for the time spent that was directly attributable to his reliance on admissions. Thus, the court's award of attorney fees offsets the prejudice Mr. Santos suffered in relying on the admissions. This choice of sanction is consistent with the principle that lesser sanctions should be considered before exercising discretion to grant a greater sanction that effectively deprives a party of the ability to defend because of due process considerations. *See Burnet v. Spokane Ambulance*, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997) (citing *Snedigar v. Hodderson*, 53 Wn. App. 476, 487, 768 P.2d 1 (1989), *rev'd in part*, 114 Wn.2d 153, 786 P.2d 781 (1990)).

## CONCLUSION

We hold the trial court erred by granting summary judgment to Mr. Santos and concluding that no material facts remained on the issue of notice. The legally effective time for notice to be effective is when received, not when sent. The matter of the trial judge's disqualification is left to the discretion of the trial judge. The trial court did not err by granting Ms. Boone's motion to extend time to respond to Mr. Santos's request for admission. In view of our holdings, the award of attorney fees on the contract is vacated and left to abide the results below. The trial court may consider the issue of attorney fees for this appeal at that time.

Reversed in part, affirmed in part, remanded for further proceedings.

Sweeney and Kato, JJ., concur.

Review denied at 139 Wn.2d 1026 (2000).