**In re GUARDIAN TRUST COMPANY.**

**United States of America & Commissioner of Internal Revenue, Appellants,**

v.

**Derek Henderson, Trustee, Appellee.**

No. Civ.A. 3:99cv688WS.
[Bankruptcy No. 93–01033JEE].
[Adversary No. 98–00152].

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 26, 2000.

David N. Usry, United States Attorney's Office, Jackson, MS, William D. M. Holmes, United States Department of Justice, Washington, DC, for United States.

Derek A. Henderson, Jackson, MS, pro se.

James M. Brown, Laurel, MS, for trustee.

### MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the appeal of the appellants, the United States and the Commissioner of Internal Revenue, seeking to reverse the Judgment of the United States Bankruptcy Court wherein the appellants' motion to withdraw admissions was denied. The United States and the Commissioner of Internal Revenue also seek to overturn the Bankruptcy Court's determination that the Trustee herein is entitled to a refund as a setoff against the Commissioner's claim against the debtor's estate for a deficiency in tax payments

plus penalties and interest. According to the United States and the Commissioner of Internal Revenue, the Bankruptcy Court lacked jurisdiction under Title 11 U.S.C. § 505(a)[1] to consider the Trustee's refund claim because neither the debtor nor the Trustee properly filed for a refund in a timely manner as required under Title 26 U.S.C. § 6511.[2] The United States and the Commissioner of Internal Revenue contend that the Trustee must "properly" request a refund in order to provide the foundation for the Bankruptcy Court's jurisdiction over the refund issue. The appellee, Derek Henderson, Trustee for the Guardian Trust Company, disagrees with the stated position of the appellant. As explained below, this court affirms the Bankruptcy Court's finding of jurisdiction under § 505(a), but reverses the Bankruptcy Court's judgment denying the motion of appellants to withdraw admissions.

■ This court's jurisdiction over this appeal is predicated on the authority to hear such appeals as provided by Title 28 U.S.C. § 158.[3] Appellate procedure is governed by Title 11 U.S.C. Rule 8001(a)[4] and the related statutes. A Bankruptcy Court's findings of fact are reviewed by this court under the clearly erroneous standard, and its conclusions of law are reviewed de novo. *Matter of El Paso Refinery, L P,* 171 F.3d 249, 253 (5th Cir. 1999), citing *Traina v. Whitney National Bank,* 109 F.3d 244, 246 (5th Cir.1997).

1. Title 11 U.S.C. § 505(a) provides in pertinent part that "... the (bankruptcy) court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." Subsection (2) provides that "the (bankruptcy) court may not so determine—(B) any right of the estate to a tax refund, before the earlier of—(i) 120 days *after the trustee properly requests* such refund from the governmental unit from which such refund is claimed; or (ii) a determination by such governmental unit of such request."

2. Under most circumstances, taxpayers who file returns have three years from the time they filed their return or two years from the time they paid their taxes to claim a refund. Taxpayers who have not filed returns, on the other hand, must file a claim for refund within two years of the alleged overpayment. See Title 26 U.S.C. § 6511(a). A refund cause of action must be timely filed under one of the limitations periods in Section 6511(a) for the district court to obtain jurisdiction over the suit. *See United States v. Dalm,* 494 U.S. 596, 607, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548. These two and three-year limitations periods are referred to in tax law parlance as "lookback" periods. The lookback period may be extended to seven years under § 6511 when the net operating loss is due to bad debts or worthless securities (see footnote 11).

3. Title 28 U.S.C. § 158(a) provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

4. Title 11 U.S.C. Rule 8001(a) provides in pertinent part that "[a]n appeal from a final judgment, order or decree of a bankruptcy judge to a district court or bankruptcy appellate panel shall be taken by filing notice of appeal with the clerk within the time allowed by Rule 8002. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or the bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."

## PERTINENT FACTS

Guardian Trust Company (hereinafter the "debtor") filed a petition in the United States Bankruptcy Court under Chapter 7 of the Bankruptcy Code on March 29, 1993. Prior to filing this petition, the debtor mailed to the Internal Revenue Service on January 12, 1993, a consolidated United States Corporation Income Tax Return (Form 1120) for its taxable year ending December 31, 1991, reporting federal income taxes of $1,140,752.00, of which $1,100,000.00 had been paid on or before January 12, 1993. Prior to the filing of its bankruptcy petition, the Debtor also had mailed to the Internal Revenue Service federal income tax returns and had paid the taxes reported thereon, on or before the date the returns were mailed, as follows:

| Year | Mailed on | Taxes Paid |
|------|-----------|------------|
| 1988 | 09/01/1989 | $295,766.00 |
| 1989 | 05/10/1990 | $325,955.00 |
| 1990 | 08/09/1991 | $423,105.00 |

The Internal Revenue Service audited the Debtor's federal income tax returns for the 1988, 1989 and 1991 years. On November 15, 1993, the Internal Revenue Service mailed a statutory notice of deficiency to the Debtor, determining the following deficiencies, plus penalties:

| Year | Deficiency | Penalties |
|------|-----------|-----------|
| 1988 | $ 171,158.00 | $ 51,348.00 |
| 1989 | $ 62,222.00 | $ 32,444.00 |
| 1991 | $4,352,185.00 | $869.338.00 |

The Internal Revenue Service then filed a proof of claim in the debtor's bankruptcy case in the total amount of $6,247,647.23 for the tax liabilities set forth on the statutory notice of deficiency, including penalties and interest.

On March 4, 1997, four years after the debtor had filed its 1991 tax return, Derek Henderson (hereinafter the "Trustee") filed an amended return (Form 1120X) for the debtor, seeking a refund of $1,100,000.00 in previously paid taxes. On the same day the Trustee also filed amended returns for the debtor's 1988, 1989 and 1990 tax years (the "lookback" period), seeking refunds of $295,766.00, $325,955.00 and $423,105.00, respectively. On the 1991 amended return, the Trustee asserted a net operating loss for the 1991 year. Inasmuch as there was no income to report in 1991, the Trustee claimed that the debtor was entitled to a refund in the amount of $1,100,000.00 paid in the 1991 year to be setoff against the tax liability asserted by the Internal Revenue Service in its proof of claim. The Trustee then asserted the excess of the net operating loss over taxes paid in 1991 as a carryback[5] to the 1988, 1989 and 1990 years, resulting in claimed refunds of $295,766.00, $325,955.00 and $423,105.00 respectively paid for those years.

On June 23, 1998, the Trustee commenced the instant adversary proceeding, objecting to the proof of claim filed by the Internal Revenue Service in the total amount of $6,247,647, and seeking a determination from the Bankruptcy Court that he was entitled to receive the refunds

---

**5.** Section 172 of the Internal Revenue Code permits a taxpayer to elect to carry back a net operating loss (NOL) as a credit against taxes paid for the preceding three years. However, the taxpayer instead may carry forward the entire net operating loss to offset the income of subsequent tax years without first carrying the loss back to the preceding three years. Section 172(b)(3)(C) is the vehicle for making such an election; it provides, in pertinent part: [a]ny taxpayer entitled to a carryback period under paragraph (1) may elect to relinquish the entire carryback period with respect to a net operating loss for any taxable year ending after December 31, 1975. *See Branum v. Commissioner of Internal Revenue*, 17 F.3d 805, 807 (5th Cir.1994). In the instant case, the appellee did not relinquish the carryback period.

**408**

claimed on the amended returns mailed to the Internal Revenue Service on March 4, 1997, in the total amount of $2,144,826.00. The Trustee served his Complaint upon the Chief Counsel for the Internal Revenue Service in Washington, D.C., the District Director of the Internal Revenue Service in Jackson, Mississippi, and an Assistant United States Attorney in Jackson, Mississippi. However, according to the appellants, the Trustee did not serve his complaint on the civil process clerk at the Office of the United States Attorney in Jackson, Mississippi, or upon the Attorney General of the United States in Washington, D.C., as required by the Federal Rules of Bankruptcy Procedure 7004(b)(4).[6] Despite this failure of proper service, the defendants timely filed an answer to the Trustee's Complaint on September 25, 1998.[7] On September 30, 1998, the Bankruptcy Court issued a Scheduling Order setting forth, among other things, a discovery deadline of November 30, 1998. The Scheduling Order, however, did not set a trial date for the adversary proceeding.

On October 14, 1998, the Trustee served the appellants with a request for admissions, a set of interrogatories and a request for production of documents. The request for admissions served by the Trustee asked the Internal Revenue Service to admit, among other things, that the Trustee was entitled to receive the refunds claimed on the amended returns mailed to the Internal Revenue Service on March 4, 1997, in the total amount of $2,144,826.00, and that the notice of deficiency mailed by the Internal Revenue Service on November 15, 1993, had been in error. Responses to these discovery requests were due on November 16, 1998. The Bankruptcy Court granted an extension of time for responses to the request for admissions and interrogatories until December 1, 1998. The Bankruptcy Court subsequently entered an Order *granting another extension of time for responses to the Trustee's discovery requests until March 1,*

---

**6.** Rule 7004(b) of the Federal Rules of Bankruptcy Procedure authorizes service of process upon various classes of defendants within the United States via first class mail. Subdivision (4) provides that service of process may be obtained on the United States, "by mailing a copy of the summons and complaint addressed to the civil process clerk at the office of the United States attorney for the district in which the action is brought and by mailing a copy of the summons and complaint to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or an agency of the United States not made a party, by also mailing a copy of the summons and complaint to that officer or agency. . . ." Failure to adhere to Rule 7004(b)(4) in serving process upon the United States is ground for reversal for lack of jurisdiction. *In re Hernandez,* 173 B.R. 430, 431 (N.D.Ala.1994), citing *In re Simms,* 33 B.R. 792, 793 (N.D.Ga.1983); and *In re Morrell,* 69 B.R. 147 (N.D.Cal.1986).

**7.** In cases involving the Internal Revenue Service, the real party in interest is the United States of America. *In re Laughlin,* 210 B.R. 659, 660 (1st Cir. BAP 1997), citing *In re Morrell,* 69 B.R. 147, 149 (N.D.Cal.1986) (the IRS has no capacity to sue or be sued). *See also Blackmar v. Guerre,* 342 U.S. 512, 514, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952). Therefore, where relief against the Internal Revenue Service is sought through adversary proceeding or contested matter, the United States must be properly served. *See United States v. Levoy* (In re Levoy), 182 B.R. 827, 833–35 (9th Cir. BAP 1995) (discussing service on the United States in a contested matter). Furthermore, Rule 7004(b)(4) of the Federal Bankruptcy Rules of Procedure requires service upon both the United States attorney and the Attorney General, and where the validity of an order of an agency order is attacked, also upon such agency.

In the instant case the United States responded to the Trustee's Adversary Petition and did not contest the Trustee's faulty service of process.

*1999*, and extending the discovery deadline until May 1, 1999.

Meanwhile, on November 9, 1998, the United States of America had filed a Motion for Partial Summary Judgment seeking a determination that the Bankruptcy Court lacked jurisdiction to enter a judgment for the refund of taxes paid by the Debtor for the 1988 through 1991 years. This motion included a Stipulation of Facts executed on behalf of the United States and the Trustee. The United States asserted that the Bankruptcy Court did not have jurisdiction because the Debtor had not filed timely claims for refunds with the Internal Revenue Service, pursuant to the requirements of Section 6511(a) of the Internal Revenue Code, which provides that a claim for refund shall be filed within three years from the time a return was filed, or two years from the time the tax was paid, or in case of a carryback resulting from a net operating loss pursuant to Section 6511(d)(2), within three years from the date the return for the year of the net operating loss was due.[8]

The Bankruptcy Court extended the time for the Trustee to file a response to the motion for summary judgment until May 1, 1999. Subsequently, the Trustee filed a response on April 29, 1999, arguing that the Bankruptcy Court had jurisdiction to rule on the refund question pursuant to Section 6512(b)(3)(B)[9] of the Internal Revenue Code. According to the Trustee, the debtor should be deemed to have filed its refund claims for the 1988, 1989 and 1990 years on November 15, 1993, the same date the Internal Revenue mailed its statutory notice of deficiency[10] to the debtor. Consequently, according to the Trustee, the debtor's net operating loss claim for 1991 would be deemed to have been made at the time of the letter of deficiency, and the excess net operating loss then could have been carried back three years from 1991. Additionally, the Trustee argued that the Bankruptcy Court had jurisdiction to order a significant portion of the claimed refunds for all years because, pursuant to Section 6511(d)(1) and (2),[11] a

---

**8.** However, the United States agrees that the Bankruptcy Court retained jurisdiction over the case under § 6511(d)'s seven-year limitations provision to award a refund based on any net operating loss which related to bad debts and/or worthless securities (see footnote 11). The United States simply does not agree that the entire amount of refund awarded relates to bad debts and submits that the case should be remanded for the Bankruptcy Court to recalculate what refund, if any, should be credited to the Trustee.

**9.** Title 26 U.S.C. § 6512(b)(3) provides that, "[n]o credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid—

(A) after the mailing of the notice of deficiency,
(B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or

not filed) stating the grounds upon which the Tax Court finds that there is an overpayment," . . .

**10.** Under 6512(b)(3)(B), the termination of the period of limitations within which a claim can be filed is tolled by the mailing of the notice of deficiency if a claim for refund could have been filed within section 6511(b)(2), (c), or (d), on the date of the mailing of the notice of deficiency (mailing date). *See Wadlow v. Commissioner of Internal Revenue*, 112 T.C. 247, 249–50, 1999 WL 292220 (U.S.Tax Ct.1999). According to the Trustee's argument to the Bankruptcy Court, since the deficiency letter was mailed in November of 1993, the claim for 1991 could have been made within the three-year limitations period.

**11.** Title 26 U.S.C. § 6511(d)(2) provides that, "[i]f the claim for credit or refund relates to an overpayment attributable to a net operating loss carryback or a capital loss carryback, in lieu of the 3–year period of limitation prescribed in subsection (a), the period shall be

**410**

claim for refund based on bad debts or worthless securities could be timely filed within seven years from the due date of the return.

On April 15, 1999, the Trustee filed a motion for summary judgment in the Bankruptcy Court arguing that since the defendants had not responded to the Trustee's request for admissions by March 1, 1999, the admissions were deemed admitted pursuant to Rule 36 of the Federal Rules of Civil Procedure, and Rule 7036 of the Federal Bankruptcy Rules of Procedure.

Upon receipt of the Trustee's motion for summary judgment, the United States on April 23, 1999 filed a motion to withdraw the deemed admissions and for an extension of time to respond to the discovery requests until May 1, 1999. The basis for the motion was that the Tax Division trial attorney handling the case had been acting under the incorrect assumption that the deadline for the responses to the Trustee's discovery requests was May 1, 1999, instead of March 1, 1999. The United States then served its responses to the request for admissions on April 29, 1999, and to the interrogatories on April 30, 1999.

On May 7, 1999, the Trustee filed an opposition to the motion of the United States to withdraw the deemed admissions. According to the United States, the Trustee agreed at a June 11, 1999 hearing that, should the Bankruptcy Court grant the motion to withdraw the deemed

admissions, summary judgment could not be granted in favor of the Trustee. On August 12, 1999, the Bankruptcy Court entered the Final Judgment and Order presently on appeal to the court. The Bankruptcy Court refused to allow the withdrawal of the deemed admissions [12], held that it had jurisdiction to order the claimed refunds, and granted summary judgment to the Trustee for refunds totaling $2,144,826.00 of income taxes.

### WITHDRAWAL OF ADMISSIONS

■ Rule 36(b) of the Federal Rules of Civil Procedure provides in relevant part that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits...." The two-pronged test of Rule 36(b) directs the court to consider the effect upon the litigation and the prejudice to the resisting party, rather than focusing on the moving party's excuses for having made an erroneous admission. *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir.1994).

■ The first prong of Rule 36(b) "permits withdrawal if it will facilitate the de-

that period which ends 3 years after the time prescribed by law for filing the return (including extensions thereof) for the taxable year of the net operating loss or net capital loss which results in such carryback, or the period prescribed in subsection [832](c) in respect of such taxable year, whichever expires later." Section 832(c) provides in pertinent part that, "in lieu of the 3-year period of limitation prescribed in subsection (a), **the period shall**

**be 7 years from the date prescribed by law** for filing the return for the year with respect to which the claim is made." (Emphasis added)

12. In a separate judgment, the Bankruptcy Court denied the motion to withdraw admissions. A transcript of the hearing pertaining to this motion and the motion for summary judgment is attached to the record which contains the arguments of the parties.

velopment of the case in reaching the truth, as in those cases where a party's admission are inadvertently made." *McClanahan v. Aetna Life Insurance Company*, 144 F.R.D. 316, 320 (W.D.Va. 1992), citing 4A Jeremy C. Moore et al., Moore's Federal Practice ¶ 36.08 (2d ed.1992); *Reyes v. Vantage S.S. Co.*, 672 F.2d 556, 557–58 (5th Cir.1982) (withdrawal affirmed where response based on "faulty assumption" of facts); *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir.1981) (withdrawal is proper where admission is made inadvertently); and *Howard v. Sterchi*, 725 F.Supp. 1572, 1576–77 (N.D.Ga.1989) (withdrawal allowed where responses made without careful consideration of the facts).

■■■ The second, or prejudice, prong contemplated by Rule 36(b) "relates to the difficulty a party may face in proving its case" because of the sudden need to obtain evidence in order to prove a matter presumed to have been admitted. *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir.1994), citing *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir.1983). The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient prejudice. *Id.*, citing *Davis v. Noufal*, 142 F.R.D. 258, 259 (D.D.C.1992); and *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D.Kan.1991). Likewise, preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice. *Id.*, citing *Davis*, 142 F.R.D. at 259.

■■■ Therefore, the test for allowing a withdrawal of admissions is dependent upon the prejudice to the requesting party, and any disservice to the presentation of the truth at trial, if the requests are deemed admitted. These same criteria are applicable in determining the allowance of late responses to requests for admissions. *See Beatty v. United States*, 983

F.2d 908, 909 (8th Cir.1993); *Gutting v. Falstaff Brewing Corporation*, at 1313; and *Smith v. First National Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir.1988), *cert. denied*, 488 U.S. 821, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988). By permitting withdrawals and amendments to admissions, Rule 36 "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." *See* Advisory Committee Notes to Rule 36(b) (1970); and *Beatty v. United States*, at 909.

■■■ In the instant case, this court finds no prejudice related to the withdrawal of the admissions in question. The Trustee has been aware at all times pertinent that the United States would contest any assertion that the notice of deficiency mailed on November 15, 1993, was incorrect and that the Internal Revenue Service also would contest the debtor's entitlement to the refunds previously listed. The Trustee was and is prepared to offer proof that the debtor's net operating losses for the tax years in question would substantially reduce the claims of deficiency of the Internal Revenue Service. Certainly, the truth of this matter will be ascertained if the United States and the Commissioner of Internal Revenue are permitted to withdraw the purported admissions. Therefore, concluding that withdrawal of the admissions would further the presentation of the merits of the Trustee's case, this court hereby reverses the Bankruptcy Court's holding to the contrary.

## JURISDICTION TO CONSIDER THE MATTER OF REFUNDS

■■■ The United States and the Commissioner of Internal Revenue also contend that the United States Bankruptcy Court lacked subject matter jurisdiction to

consider the refunds claimed by the Trustee, except for any claims for refunds based on bad debts or worthless securities, because neither the Trustee nor the debtor "properly" filed for the refunds in question in a timely manner as required under Title 26 U.S.C. § 6511. The United States and the Commissioner of Internal Revenue contend that the word "properly" means that the Trustee is required to file for a refund in accordance with the limitations periods set forth in the Internal Revenue Code. According to the United States, the matter of refunds is now time barred and the amounts claimed by the Trustee cannot be setoff against the deficiency claim of the Internal Revenue Service. So, contends the United States and the Commissioner, the United States Bankruptcy Court erroneously determined a tax liability over which it had no subject matter jurisdiction pursuant to Title 11 U.S.C. § 505(a).

After this matter was briefed and submitted to this court, the parties called this court's attention to a recent decision of the United States Court of Appeals for the Eighth Circuit, considering a case which raised the question of whether a bankruptcy trustee must comply in all circumstances with §§ 6511 and 7422 of the Internal Revenue Code. *See United States v. Kearns,* 177 F.3d 706 (8th Cir.1999). This case was not considered by the Bankruptcy Court, but it supports the Bankruptcy Court's conclusion on the jurisdictional issue.

In *Kearns,* the Internal Revenue Service asserted that the debtor had not timely filed for the refund which was claimed as a setoff against the Service's proof of claim for tax deficiency. Thus, argued the Internal Revenue Service, the bankruptcy court lacked subject matter jurisdiction under Title 11 U.S.C. § 505(a)(2) to determine the tax liability, including any offsets.

However, the bankruptcy court rejected this argument, finding in favor of the debtor Kearns, and holding that, if a request for a refund arises from an offset or counterclaim, then there is no need for the debtor to file an administrative claim with the taxing authority in order confer jurisdiction on the bankruptcy court under § 505.

The debtor Richard Lee Kearns became trustee of the Lincoln Land Trust in 1975. His wife Carol Kearns was one of four beneficiaries. In 1989 Kearns made three unauthorized disbursements of funds from the trust. First, Kearns withheld $460,000 of the proceeds realized on a February 1989 sale of trust land, using the money to purchase stock in Wen–Neb., Inc., an owner of Wendy's restaurants in Nebraska. In April 1989 Kearns withdrew $24,508 from a trust bank account and used the money to repay a personal loan. Finally, in August of that same year, he withdrew an additional $35,000 in trust moneys to repay a joint obligation owed by his wife and himself. The beneficiaries other than Kearns' wife discovered the misappropriations in early 1990 and threatened legal action. On April 6, 1990, a settlement was reached between Kearns and the trust beneficiaries. Pursuant to the settlement, Wen–Neb., Inc., repurchased the stock from Kearns for $460,000 and Kearns assigned his interest in the proceeds to the beneficiaries other than his wife.

Thereafter, Kearns filed for Chapter 11 bankruptcy. Following an examination of Kearns' 1989 tax return, the IRS filed a proof of claim in the amount of $142,718. The amount of tax owed was based on the unreported 1989 embezzlement income of $519,508. The bankruptcy court conducted a hearing on the issue and found that Kearns had embezzled the funds and that the funds constituted income to him. The court further found, however, that Kearns

had made restitution to the victims, thus giving rise to deductions for the years in which the restitution was made. The court, therefore, indicated that it would reconsider the IRS's claim, insofar as deductions may be appropriate.

Kearns moved for reconsideration, alleging that he was entitled to an offset against the IRS's tax claim in an amount equal to the tax savings attributable to deductions taken for the restitution payments. The IRS responded that Kearns' claim for a restitution deduction was inappropriate because Kearns failed to file for the refund in the proper year and was barred by the statute of limitations. See Title 26 U.S.C. § 6511(a). Additionally, the IRS asserted that since Kearns had not timely filed for a refund, the bankruptcy court lacked subject matter jurisdiction under Title 11 U.S.C. § 505(a)(2) to determine tax liability, including any offsets.

Once the bankruptcy court had rejected its statute of limitations and jurisdictional arguments, the United States, on behalf of the IRS, appealed to the Bankruptcy Appellate Panel for the Eighth Circuit (Panel). The Panel agreed that the bankruptcy court lacked jurisdiction over tax years 1990 through 1994, vacated the bankruptcy court's opinion, and remanded the matter with instructions to allow the IRS claim in its entirety.

On appeal to the Eighth Circuit Court of Appeals, the Eighth Circuit concluded that the Panel's decision was incorrect because Congress intended under § 505 to grant jurisdiction to the bankruptcy court to determine Kearns' tax liability. The Eighth Circuit acknowledged the IRS argument that § 505(a)(2) requires the Trustee or debtor to "properly request a refund," and that this language of the statute incorporates provisions from the Internal Revenue Code governing application for income tax refunds. Specifically, said the Eighth

Circuit, "a 'proper' request is one that, first, meets the filing requirements of I.R.C. § 7422(a)," which provides, in relevant part, that "[n]o suit or proceeding shall be maintained in any court" for a tax refund "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law [and regulations] in that regard. Additionally, the I.R.C. establishes that a claim for an income tax refund must be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever expires later. See I.R.C. § 6511(a)." Nevertheless, the Eighth Circuit observed that, "we cannot share an interpretation of the Bankruptcy Code that precludes a debtor from having the benefit of carrying back deductions that are intimately related to the adjudged tax liability."

The Eighth Circuit quoted 4 Collier on Bankruptcy ¶ 505.LH[2][a], at 505–08 (Lawrence P. King ed., 15th rev. ed.1999), stating that, "if the refund results from an offset or counterclaim to a claim or request for payment by the [IRS], or other tax authority, *the trustee would not first have to file an administrative claim for refund with the tax authority* " (emphasis added). The Eighth Circuit relied also on recent case law applying this same principle. *See In re Dunhill Medical, Inc.,* 1996 WL 354696, at *1 (Bankr.D.N.J. March 27, 1996) (concluding that § 505 permits a debtor to dispense with the IRS's requirement of filing a claim for refund when a refund is sought as an offset or counterclaim to a proof of claim filed by the tax authority); and *Michaud v. United States,* 206 B.R. 1, 5 (D.N.H.1997) (when an IRS proof of claim and a tax-payer's request for refund regard the same tax liabilities, it would be without purpose and irrational to deny the bankruptcy court jurisdiction to order a refund until the taxpayer makes

a formal request for a refund from the IRS).

The Eighth Circuit recognized that the statute of limitations is a jurisdictional requirement in suits against the United States, and that the defense may be raised at any time in the litigation. "However," said the Eighth Circuit, "if, when the claims of the IRS and a debtor involve the same tax liabilities, it is "without purpose and irrational" to deny jurisdiction over refunds absent a formal request by the debtor, *Michaud,* 206 B.R. at 5, it would be doubly so to apply a statutory bar to the debtor's claim for determination of tax liability." *Kearns,* 177 F.3d at 711. Thus, said the Eighth Circuit, "debtors do not have to file administrative refund claims nor comply with the statute of limitations prescribed by § 6511(a) if the funds are sought as an offset or counterclaim to a request for payment (pursuant to a proof of claim) by the IRS." *Id.*

Furthermore, said the Eighth Circuit, "it is important to note that our resolution of this case does not detract from the policies of efficiency and conservation of resources underlying § 505. The requirement of exhausting administrative remedies as a precondition to invocation of the judicial process will continue to vindicate the important interest of affording the IRS an opportunity to consider fully the merits of the refund or credit claim before being required to expend resources in litigation. *Cf. McNeil v. United States,* 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Where the IRS has filed a proof of claim, however, it has already committed itself to expending resources to resolve the taxpayer's liability for a particular year. *See Michaud,* 206 B.R. at 5." *Kearns,* 177 F.3d at 711.

In the instant case, the Internal Revenue Service has committed itself to expending resources by filing its proof of claim with the Bankruptcy Court, and has made itself subject to the claims for setoff and refunds requested by the Trustee. Once the IRS has committed itself to expending resources to resolve the taxpayer's liability for the year in question, no additional burden is levied by arming the bankruptcy court with jurisdiction to order a refund should those liability issues be resolved in favor of the taxpayer. *Michaud,* 206 B.R. at 5. Therefore, this court finds that the Bankruptcy Court properly exercised subject matter jurisdiction over the refund question in the instant case.

### CONCLUSION

Based on the foregoing, this court hereby adopts and affirms the Bankruptcy Court's finding that it had jurisdiction under Section 505 to determine the debtor's tax liability, including the matter of the Trustee's claims for refunds. Inasmuch as this court finds that the Bankruptcy Court had jurisdiction under Section 505, the assertion by the Trustee that jurisdiction may be predicated on Title 26 U.S.C. § 6512(b)(3)(B) is not addressed in this Memorandum Opinion. This court reverses the Bankruptcy Court's judgment denying the motion of the United States and the Commissioner of Internal Revenue to withdraw admissions, and said admissions are hereby withdrawn. This case is remanded to the United States Bankruptcy Court for the Southern District of Mississippi for further proceedings as required.