**In re David G. KENNY, Debtor.**

**D. William Davis, Trustee, Plaintiff,**

**v.**

**North American Mortgage Company, Defendant.**

**Bankruptcy No. 00–55265.**

**Adversary No. 00–0544.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

March 28, 2002.

D. William Davis, Davis Law Office, Bridgeport, IL, for Plaintiff/Trustee.

David A. Freeburg, McFadden & Associates Co., L.P.A., Cleveland, OH, Geoffrey Peters, Weltman, Weinberg & Reis Co., LPA, Columbus, OH, for Defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DEEM CERTAIN MATTERS ADMITTED AND FOR SUMMARY JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the defendant's motion for an order compelling discovery, deeming certain matters admitted, and for summary judgment. The plaintiff did not respond to the motion.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(F) and (K).

The plaintiff is the duly appointed trustee for this chapter 7 case. He commenced this action seeking to avoid the defendant's mortgage and to preserve the mortgage for the benefit of this estate. The plaintiff's claims are predicated on his allegations that the mortgage was defectively executed, and, hence, not entitled to record under Ohio law. Prior to the enactment of Ohio Revised Code § 5301.234, a defectively executed, but recorded mortgage did not provide constructive notice to third parties, including *bona fide* purchasers. *See Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1028 n. 5 (6th Cir.2001). Because a trustee under Section 544(a)(3) of the Bankruptcy Code enjoys the status of a hypothetical *bona fide* purchaser, he could have avoided such a defectively executed, but recorded mortgage pursuant to Ohio Rev.Code § 5301.25(A). *Id.* at 1024.

■ In its motion, the defendant served various discovery requests, as well as written requests for admission, upon the plaintiff on November 19, 2001. To date, the plaintiff has not complied with the defendant's requests for discovery nor answered the requests for admission. Rule 36 of the Federal Rules of Civil Procedure is made applicable to this proceeding by Bankruptcy Rule 7036. It provides that unless a party serves a written answer or objection

to a request for admission within thirty (30) days, the matter is deemed admitted.

The defendant's requests for admission are as follows:

1. The only evidence the trustee has that the mortgage was not executed in accordance with Ohio Revised Code § 5301.01 is the testimony of the debtor.

2. The mortgage document itself shows the signatures of two witnesses and is acknowledged by a notary public.

3. The debtor signed the mortgage.

4. The mortgage was executed in accordance with § 5301.01.

5. The mortgage was recorded in the office of the County Recorder.

Under Rule 36, each of these matters is admitted.

■ Rule 56 of the Federal Rules of Civil Procedure is made applicable to this proceeding by Bankruptcy Rule 7056. It provides that either party may move, with or without supporting affidavits, for summary judgment. Once a motion for summary judgment is made and supported, the adverse party may not rest upon the mere allegations or denials of its pleading, but must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, the Court shall enter summary judgment, provided that the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, establish that the moving party is entitled to judgment as a matter of law.

■ The plaintiff's admissions in this case belie any contention that the mortgage at issue was not executed in conformity with Ohio law. Therefore, no genuine issues of material fact exist. Because the plaintiff had the burden of proving that the mortgage was defectively executed and not entitled to record in order to prevail on his claims, summary judgment in favor of the defendant is appropriate.

For the foregoing reasons, the matters set forth in the defendant's requests for admission are deemed admitted. Summary judgment is hereby entered in favor of the defendant. That portion of the defendant's motion seeking an order to compel discovery is **DENIED** as moot.

**IT IS SO ORDERED.**