In re SMITH ROAD FURNITURE,
INC. f/k/a Bell Furniture
Industries, Inc., Debtor.

Smith Road Furniture, Inc. f/k/a
Bell Furniture Industries,
Inc., Plaintiff,

v.

Able Computer Systems of
Ohio, Inc., Defendant.

Bankruptcy No. 00–14507.
Adversary No. 02–1276.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Aug. 12, 2003.

Ronald E. Gold, Michael J. O'Grady, Jeffrey L. Zackerman, Jennifer Stefanski, Cincinnati, OH, for Debtor/Plaintiff.

Mark D. Kimball, Bellevue, WA, for Defendant.

## MEMORANDUM DECISION DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IMPOSING MONETARY SANCTIONS

JEFFERY P. HOPKINS, Bankruptcy Judge.

This is a preference action, pursuant to 11 U.S.C. § 547(b), whereby Plaintiff, Smith Road Furniture, Inc. f/k/a Bell Furniture Industries, Inc. ("Plaintiff") seeks to avoid and recover an alleged transfer of $2,151.80 from Defendant, Able Computer Systems, Inc. ("Able Computer" or "Defendant"). Presently before the Court is a summary judgment motion ("Motion") (Doc. 16) filed by the Plaintiff and the Defendant's Response thereto ("Response") (Doc. 17).

To satisfy its burden of proof under § 547(b), Plaintiff relies exclusively upon certain matters deemed admitted by default resulting from Able Computer's failure to timely reply to requests for admission served on it during the discovery phase of this litigation.[1] In response to the Motion, Able Computer argues that the Court should permit it to amend or withdraw the admissions pursuant to Fed. R.Civ.P. 36(b). Attached to the Response are the Defendant's untimely answers to the requests for admission in which Able Computer, by and large, contests the assertions sought to be admitted. The Court further notes that the answer to the complaint filed by Able Computer denies each matter relied upon by the Plaintiff in support of its summary judgment motion.

---

1. Fed.R.Civ.P. 36(a) provides that "[e]ach matter of which an admission is requested ... is admitted unless, within 30 days after service of the request, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection[.]"

Consequently, the outcome of the Motion is dependant upon whether the Court, in the sound exercise of its discretion, should permit Able Computer to withdraw or amend facts deemed admitted through its default. No pretrial conference has been held and this case is still in the early stages of litigation.

Rule 36(b) provides in relevant part:

Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

■ For a court to grant a party's request to withdraw facts deemed admitted by default, Rule 36(b) sets forth a two-prong test. The first prong of the test concerns whether conclusion of the case on the merits will be served by allowing the withdrawal or amendment. On this score, the Sixth Circuit has said that this prong "is satisfied 'when upholding the admission would practically eliminate any presentation on the merits of the case.'" *Riley v. Kurtz*, No. 98–1077, 1999 WL 801560, at *3 (6th Cir. Sept.28, 1999) (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995)). The second prong of the test, whether the party who obtained the admission has satisfied the court that withdrawal or amendment will prejudice that party, "'relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment[.]'" *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir.

1997) (quoting *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir.1991)). "'[T]he prejudice contemplated by Rule 36(b) is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth.'" *Kerry Steel*, 106 F.3d at 154 (quoting *Brook Village North Assoc. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir.1982)). Under the second prong, the non-movant bears the burden of proof. *Riley*, 1999 WL 801560, at *3. When deciding whether to permit withdrawal or amendment of admissions, trial courts are vested with considerable discretion. *See Kerry Steel*, 106 F.3d at 154.

■ In this instance, were the Court to disallow an amendment or withdrawal of the facts deemed admitted through default by Able Computer, it would certainly eliminate any need for presentation of evidence on the merits. Moreover, Plaintiff cannot be said to have been prejudiced by a withdrawal or amendment to the facts deemed admitted since Able Computer's timely filed answer (Doc. 12) denies every allegation in the complaint (Doc. 1) relevant to the elements of § 547(b). *See Ropfogel v. U.S.*, 138 F.R.D. 579, 583 (D.Kan.1991)("In considering whether the presentation of the merits will be facilitated by permitting an admission to be withdrawn, the court may look at whether the admission is contrary to the record of the case."). Plaintiff's reply ("Reply") (Doc. 18) fails to articulate any prejudice caused by the need to prove its case on the merits rather than by the default admissions. Indeed, courts have concluded that the preparation of a summary judgment motion in reliance upon default admissions does not constitute "prejudice" under Rule 36(b). *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir.1994); *In re Guardian Trust Company*, 260 B.R. 404, 411 (S.D.Miss.2000). Finally, Plaintiff has ample time to conduct any discovery it deems necessary to prose-

cute its claims given that this proceeding has yet to be set for a pretrial conference. Accordingly, Plaintiff has failed to sustain its burden of proof under Rule 36(b).[2]

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment Under Fed. R. Bankr.P. 7056 (Doc. 16) is hereby **DENIED.** Defendant is hereby directed to: (1) serve its responses to the Plaintiff's First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents to Able Computer Systems of Ohio, Inc.; and (2) file and serve its Preliminary Pretrial Statement.

As a final matter, the Court determines that Able Computer's noncompliance with the applicable rules in this proceeding was without just cause and obstructed the effective and efficient conduct of the business of the Court. Having determined this to be the case, the Court hereby imposes a monetary sanction of One Hundred Dollars ($100) upon Able Computer pursuant to LBR 9011–3. Within ten (10) days from this entry, Able Computer shall pay said sum to the Clerk and file a certification with the Clerk regarding same. Able Computer shall also have ten (10) days from this entry in which to file an objection to sanctions being imposed in this case. In the event of an objection by Able Computer, the Court will provide notice of and an opportunity for hearing to the affected parties by separate order.

---

**2.** By its Reply, the Plaintiff cites *Davis v. North American Mortgage Co. (In re Kenny),* 276 B.R. 579 (Bankr.S.D.Ohio 2002) (Sellers, J.) as an example of a court that granted a summary judgment motion based upon default admissions. *Kenny* is distinguishable from this proceeding. In *Kenny,* the summary judgment motion was not opposed and the issue of amendment under Rule 36(b) was not before the court.

Additionally, although the Plaintiff did not raise the issue, the Court notes that a formal motion is not required for relief under Rule 36(b) where leave to amend is requested in response to a summary judgment motion. *See Bergemann v. U.S.,* 820 F.2d 1117 (10th Cir.1987); *Chisholm v. Cancer Treatment Centers of America,* No. 01 C 0947, 2002 WL 31085090 (N.D.Ill. Sept.18, 2002).