In re Anthony McGUINESS Kathleen McGuiness, Debtors.

American Express Centurion Bank, Plaintiff

v.

Anthony McGuiness Kathleen McGuiness, Defendants.

Bankruptcy No. 05–46084.

Adversary No. 06–3108.

United States Bankruptcy Court, S.D. Ohio, Western Division at Dayton.

July 12, 2006.

Phyllis A. Ulrich, Esq., Cleveland, OH, Atty. for the Plaintiff.

David M. Hopper, Esq., Springboro, OH, Atty. for the Debtors/Defendants.

## DECISION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THOMAS F. WALDRON, Bankruptcy Judge.

---

**1.** The court notes, consistent with counsel for the Debtors' concession, that counsel for the Debtors has unnecessarily increased the work load in this adversary for both the Plaintiff and this Court.

**2.** The court notes the attachments are not properly submitted as evidentiary material because there are not accompanied by an affidavit. See Federal Rule of Civil Procedure 56(e) and (f), applicable by Bankruptcy Rule 7056; Honorable Barry Russell, Bankruptcy Evidence Manual, § 101.1, pages 483–91 (2004 ed.). However, the Debtors concede the operative facts concerning the failure to timely respond to the April 3, 2006 discovery. (Doc. 16) Without regard to the evidentiary

## Background

On February 24, 2006, the Plaintiff, American Express Centurion Bank, filed a complaint to determine that debts on a credit card account were non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (C). (Doc. 1) On March 23, 2006, the Debtors filed an answer which denied the essential allegations of the complaint. (Doc. 3) On May 9, 2006, the court issued an *Order: Governing Pretrial and Trial Procedures, Fixing Dates for filing LBR Form 7016-1-PPS and Motions Pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334, and Ordering Other Matters.* (Doc. 7) The Plaintiff filed a Pretrial Statement (Doc. 14) and an Amended Pretrial Statement. (Doc. 15) On June 19, 2006, the Debtors filed a pretrial statement, which the court notes was untimely, denying that the debt to the Plaintiff was non-dischargeable.[1]

On May 30, 2006, the Plaintiff filed a *Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56 and Fed. R. Bankr.P. 7056* (Doc. 9), a separate *Brief in Support of Plaintiff's Motion for Summary Judgment* (Doc. 10) and a *Notice Deeming Plainitff's First Request for Admissions Admitted.* (Doc. 12). The Plaintiff attached support[2] that on April 3, 2006, the

concerns, the Debtor rejects the Plaintiff's separate argument (See Pages 5–6 of Doc. 10) that based on the Debtor's answer to the complaint, the Plaintiff should be awarded summary judgment. The court concludes that whether any or all of the purchases were luxury goods within the meaning of 11 U.S.C. § 523(a)(2)(C) is a factual issue which cannot be determined based on the current state of the record. Without the necessary admissions, none of the holdings of the cases cited by the Plaintiff support granting summary judgment based on 11 U.S.C. § 523(a)(2)(C). Finally, based on this decision, whether Plaintiff complied with Local Rule 7026–1 is a moot issue.

Plaintiff served the Debtors with admissions, interrogatories and requests for production of documents. The Debtors did not request an extension nor reply to the discovery within the required 30 days. See Federal Rule of Civil Procedure 36(a), applicable by Bankruptcy Rule 7036.

On June 19, 2006, the Debtors filed a *Response* (Doc. 16) to the Plaintiff's *Motion* (Doc. 9). Counsel for the Debtors conceded the failure to timely respond to the discovery. Counsel for the Debtors stated the failure was "due solely to the mistake of counsel." The explanation afforded for the mistake is poor communications within the Debtors' counsel's office. The Debtors have represented to the court that responses (Exhibit 1 to Doc. 16) were sent to the Plaintiff's counsel on June 19, 2006. In a reply brief, the Plaintiff notes that counsel for the Debtors' internal office management issues do not constitute "excusable neglect" under the standard pronounced by the United States Supreme Court in *Pioneer Inv. Svcs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

As the court will detail, the result in this case is not governed by *Pioneer*, which addresses Bankruptcy Rules 9006(b) and 9024, but instead the decision of the Sixth Circuit in *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147 (6th Cir.1997), which interprets Federal Rule of Civil Procedure 36 (applicable by Bankruptcy Rule 7036). The court concludes, in the totality of the circumstances of this adversary proceeding, the Plaintiff's motion will be **DENIED**.

### *Law and Analysis*

In *Kerry Steel*, the court noted that a formal motion to withdraw admissions was not required. *Id.* at 153–54. This court deems that the Debtors' filings amount to a motion to have all the admissions admitted by Federal Rule of Civil Procedure 36(b) (applicable by Bankruptcy Rule 7036) withdrawn. The court has "considerable discretion" in whether to permit admissions to be withdrawn. *Id.* at 154. The *Kerry* court, in granting the motion to withdraw the admissions, stated:

[I]t does not seem to us that the district abused its discretion in deeming the admission withdrawn. A "district court has considerable discretion over whether to permit withdrawal or amendment of admissions." *American Auto. [Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.]*, 930 F.2d [1117]at 1119 [(5th Cir. 1991)]. The court's discretion must be exercised in light of Rule 36(b), which permits withdrawal (1) "when the presentation of the merits of the action will be subserved thereby," and (2) "when the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Here there can be no doubt that the presentation of the merits of the jurisdictional issue was served by allowing the withdrawal of the admission. In regard to prejudice, "[t]he prejudice contemplated by [Rule 36(b) ] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Brook Village North Assoc. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir.1982). Prejudice under Rule 36(b), rather, "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *American Auto.*, 930 F.2d at 1120. Kerry Steel has not shown prejudice of the sort required by the rule.

*Id.* See also *Smith Road Furniture, Inc. v. Able Computer Sys. (In re Smith Road Furniture, Inc.)*, 304 B.R. 790, 791–93 (Bankr.S.D.Ohio 2003) (following *Kerry*); *In re Haas*, 292 B.R. 167, 172 fn. 3 (Bankr. S.D.Ohio 2003) (same).

At this early stage in this case, the court finds no prejudice to the Plaintiff in withdrawing the admissions and denying the Plaintiff's *Motion* (Doc. 9). Additionally, the court does not believe denying the Plaintiff's *Motion* (Doc. 9) will prejudice a ruling on the merits. Indeed, today's ruling ensures this adversary proceeding can be decided on a merit basis. The court reaches this conclusion in recognition of the letter and spirit of the Sixth Circuit's decision in *Kerry* and not as an endorsement of the practices of Debtors' counsel.

### Conclusion

The Plaintiff's *Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56 and Fed. R. Bankr.P. 7056* (Doc. 9) is **DENIED.** The Debtors' June 19, 2006 responses to the April 3, 2006 admission requests are deemed responses by the Debtors.

The court has by a separate order scheduled a pretrial conference.

An order consistent with this decision is separately entered.